IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELA McGUIRE-PIKE, on behalf of
herself and others similarly situated,

      Plaintiff,

vs.                                                                                    No. CIV-04-705 JB/ACT

AMERI-CK, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Motion to Withdraw as Counsel and

Notice of Deadline to Object ("Giddens Motion"), filed September 7, 2005 (Doc. 41); and (ii) the

Unopposed Motion to Withdraw as Counsel of Record for Defendant and Notice of Objection

Deadline ("Campbell Motion"), filed September 7, 2005 (Doc. 42).  The primary issue is whether

Defendant Ameri-Ck, Inc.'s counsel should be allowed to withdraw from this case.  Consistent with

the Court's ruling at the hearing on this motion, the Court will grant the motions and will allow Mr.

Giddens and Mr. Campbell to withdraw as counsel of record for Ameri-Ck.

## FACTUAL BACKGROUND

On January 23, 2001, Plaintiff Angela McGuire-Pike's husband wrote a check for $12.69,

which was made out to Raley's of NM # 805.  See Complaint ¶ 6, at 2, filed June 22, 2004 (Doc. 1).

The check drew on a joint checking account that the family maintained.  See id. ¶ 8, at 2.  This check

was dishonored when initially presented.  See id. ¶ 9, at 2.  Attempting to recover the check, Ameri-

Ck sent two "Asset Investigation Notices," demanding payment in the amount of $97.69.  See id. ¶¶

10-12, at 2.  Ameri-Ck threatened to sue the McGuire-Pikes for the money.  See id. ¶¶ 13-14, at 2-3.

**PROCEDURAL BACKGROUND**

McGuire-Pike filed a class action suit on behalf of herself and others similarly situated on June 22, 2004. McGuire-Pike alleged that Ameri-Ck's collection practices, as exemplified in her own case, violated the Fair Debt Collection Practices Act ("FDCPA") and the New Mexico Unfair Practices Act ("UPA"). See id. ¶ 2, at 1. Specifically, McGuire-Pike contended that Ameri-Ck breached the FDCPA by "misrepresenting the character, amount, and legal status of the debt"; "threatening action that was not intended to be taken or could not legally be taken"; "using false impression or deceptive means to collect or attempt to collect a debt"; and "requesting payment of amounts which are not authorized by contract or New Mexico law." See id. ¶ 30, at 5-6. In addition, McGuire-Pike argued that Ameri-Ck "knowingly and willfully" engaged in "misrepresentations and omissions" that ran afoul of the UPA. See id. ¶¶ 34-35, at 6. McGuire-Pike concluded that Ameri-Ck's actions entitled her and the class to damages and injunctive and declaratory relief. See id. ¶¶ 31-32, 37-39, at 6-7. Ameri-Ck filed an Answer on September 9, 2004, denying that it had violated the law. See Answer at 1-3, filed September 9, 2004 (Doc. 16).

During the earliest stages of this case, Rodey, Dickason, Sloan, Akin & Robb P.A. ("Rodey") represented Ameri-Ck. On January 11, 2005, Rodey filed an Unopposed Motion to Withdraw as Counsel of Record for Defendant and Notice of Substitution of Counsel. The Court granted the motion and allowed for Rodey's substitution by George Giddens and T. Kyle Campbell, III. See Order at 1, filed January 12, 2005 (Doc. 18).

On September 7, 2005, Giddens filed his Motion to Withdraw as Counsel and Notice of Deadline to Object. Giddens explains that "[t]here has been a breakdown in the attorney-client relationship that makes impossible for counsel to effectively represent the Defendant." Giddens

Motion at 1.  On that same day, Campbell filed a separate Unopposed Motion to Withdraw as Counsel of Record for Defendant and Notice of Objection Deadline.  Campbell informs the Court that Ameri-Ck wants "to hire attorneys in Oklahoma to prepare and file a petition for relief under Chapter 7 of the United States Bankruptcy Code."  Campbell Motion at 1.  Mr. Campbell represents that Ameri-Ck does not oppose this motion to withdraw.  See Campbell Motion.

McGuire-Pike filed oppositions to each motion to withdraw.  See Plaintiff's Opposition to Mr. Campbell's Motion to Withdraw ("Campbell Opposition"), filed September 14, 2005 (Doc. 47); Plaintiff's Opposition to Mr. Giddens' Motion to Withdraw ("Giddens Opposition"), filed September 14, 2005 (Doc. 48).  McGuire-Pike charges Ameri-Ck with ordering its counsel to withdraw from this case as part of a strategy to "stonewall" her and delay the resolution of this case.  See Campbell Opposition at 1; Giddens Opposition at 1.  McGuire-Pike believes that Ameri-Ck is acting in bad faith to forestall a Rule 30(b)(6) deposition.  See Campbell Opposition at 2; Giddens Opposition at 2.

The parties have also filed various pending discovery motions.  McGuire-Pike filed a motion to compel "full and complete responses" to her discovery requests.  See Plaintiff's Second Motion to Compel at 1, filed July 29, 2005 (Doc. 34).  Ameri-Ck filed a motion asking the Court to enter a protective order that states that its failure to appear at a deposition on September 1, 2005, was not "willful."  Notice of Non-Appearance and Motion for Protective Order at 1, filed September 7, 2005 (Doc. 43).  Finally, McGuire-Pike moved the Court to compel Ameri-Ck to appear for a Rule 30(b)(6) deposition and to reset the class certification deadline and class certification hearing.  See Plaintiff's Expedited Motion to Compel Defendant Ameri-Ck, Inc. to Appear for the Rule 30(b)(6) Deposition and to Reset Class Certification Deadline and to Reset Class Certification Hearing at 1, filed September 14, 2005 (Doc. 44).

The Court held a hearing on these motions on September 16, 2005.  Giddens and Campbell told the Court that they had been instructed by Ameri-Ck to withdraw from the case and incur no further expenses on Ameri-Ck's behalf.  See Transcript of Hearing at 3:16-4:7 (taken September 16, 2005).[1]  Campbell and Giddens made it clear to the Court that he felt he did not have authority to argue on any pending motions.  See id. at 7:13-23.  Campbell also stated that Ameri-Ck is hiring bankruptcy counsel and believes that its resources are better spent there.  See id. at 4:1-5.  McGuire-Pike objected to the motions as a tactic designed to evade Ameri-Ck's discovery obligations.  See id. at 5:23-6:1.  McGuire-Pike asked that the Court order supplemental discovery responses to be filed in ten days and order a Rule 30(b)(6) deposition within 30 days.  See id. at 6:13-20.

## LAW ON WITHDRAWAL OF COUNSEL

The Court has wide discretion in granting or denying an attorney's motion to withdraw representation.  See Abell v. Babbitt, No. 98-2315, 1999 WL 215403, **2 (10th Cir. April 14, 1999)(unpublished decision)(quoting Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982)("The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion.")).[2]  The local civil rules provide that an attorney may file a contested motion to withdraw, but "[t]he attorney must file and serve on all parties, including the client, a

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

[2] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition."  This unpublished decision meets both these criteria and the rules therefore allow citation to this unpublished decision.

motion to withdraw.  The attorney must give notice in the motion that objections must be served and filed within fourteen (14) calendar days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion."   D.N.M.LR-Civ. 83.8(b).   When the represented party is a corporation, "the attorney must give notice in the motion to withdraw that a corporation or partnership can appear only with an attorney.  Absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed."  D.N.M.LR-Civ. 83.8(c).

**ANALYSIS**

The Court grants Campbell and Giddens' motions to withdraw.  The Court notes at the outset that the Giddens and Campbell motions satisfy the procedural requirements of New Mexico's Local Rules.  Both motions give notice that objections must be filed within fourteen days, and that if no opposition is registered then the motions "will be presented to the Court for entry without a hearing or further notice." See Campbell Motion at 2; Giddens Motion at 2.  Furthermore, both motions give notice that Ameri-Ck, as a corporation, "can appear only with an attorney." See Campbell Motion at 2; Giddens Motion at 2.  Finally, both motions affirm that, without an entry of appearance by a new attorney, Ameri-Ck's filings from this point on "may be stricken and default judgment or other sanctions imposed." See Campbell Motion at 2; Giddens Motion at 2.

McGuire-Pike urges the Court not to grant the motion to withdraw because she alleges that Ameri-Ck is using these motions to obstruct the progress of this case.  It would be unfair, however, to force counsel to continue representing Ameri-Ck when Ameri-Ck has made it clear that it no longer desires their representation.  Ameri-Ck's apparent reason for firing its attorneys – that it is bankrupt and can no longer afford them – is a reasonable basis for withdrawal.  Also, through

-5-

scheduling and monitoring of the case, the Court can mitigate any delay resulting from the attorneys'

withdrawal from this case.

      **IT IS ORDERED** that Giddens and Campbell shall be allowed to withdraw as counsel of

record for the Defendant.  The Defendant shall have ten days from the date of the entry of this order

to retain new counsel.  The Court will not allow the Defendant to proceed in this proceeding without

counsel.  The Court will set a hearing on the pending discovery motions ten days from the date of the

entry of appearance of the new counsel or the expiration of ten days from the date of this order,

whichever date is earlier.  If the Defendant has not retained counsel within the time period allowed,

the Court will forward a copy of the notice of hearing to the address of record for the Defendant.



_____
UNITED STATES DISTRICT JUDGE



Counsel:

Rob Treinen
Feferman & Warren
Albuquerque, New Mexico

– and –

O. Randolph Bragg
Horwitz, Horwitz & Associates
Chicago, Illinois

    *Attorneys for the Plaintiff and the Class*

T. Kyle Campbell, III

Albuquerque, New Mexico

– and –

George D. Giddens, Jr.
The Law Office of George "Dave" Gibbens PC
Albuquerque, New Mexico

*Attorneys for the Defendant*