# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANGELA McGUIRE-PIKE, on behalf of
herself and all others similarly situated,

      Plaintiff,

vs.                                                                                                                     No. CIV 04-705 JB/ACT

AMERI-CK, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Second Motion to Compel, filed July 29, 2005 (Doc. 34). The Court held a hearing on this motion on October 21, 2005. The primary issue is whether the Defendant, Ameri-Ck, Inc., has fully responded to the interrogatories and requests for production that Plaintiff Angela McGuire-Pike has propounded on it. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant the motion in part and deny the motion in part without prejudice.

## FACTUAL BACKGROUND

On January 23, 2001, Plaintiff Angela McGuire-Pike's husband wrote a check for $12.69, which was made out to Raley's of NM # 805. See Complaint ¶ 6, at 2, filed June 22, 2004 (Doc. 1). The check drew on a joint checking account that the family maintained. See id. ¶ 8, at 2. This check was dishonored when initially presented. See id. ¶ 9, at 2. Attempting to recover the check, Ameri-Ck, a debt collector, sent two "Asset Investigation Notices," demanding payment in the amount of $97.69. See id. ¶¶ 10-12, at 2. Ameri-Ck threatened to sue the McGuire-Pikes for the money. See id. ¶¶ 13-14, at 2-3.

**PROCEDURAL BACKGROUND**

McGuire-Pike filed a class action suit on behalf of herself and others similarly situated on June 22, 2004. McGuire-Pike alleged that Ameri-Ck's collection practices, as exemplified in her own case, violated the Fair Debt Collection Practices Act ("FDCPA") and the New Mexico Unfair Practices Act ("UPA"). See id. ¶ 2, at 1. Specifically, McGuire-Pike contended that Ameri-Ck breached the FDCPA by "misrepresenting the character, amount, and legal status of the debt"; "threatening action that was not intended to be taken or could not legally be taken"; "using false impression or deceptive means to collect or attempt to collect a debt"; and "requesting payment of amounts which are not authorized by contract or New Mexico law." Id. ¶ 30, at 5-6. In addition, McGuire-Pike argued that Ameri-Ck "knowingly and willfully" engaged in "misrepresentations and omissions" that ran afoul of the UPA. Id. ¶¶ 34-35, at 6. McGuire-Pike asserted that Ameri-Ck's actions entitled her and the class to damages and injunctive and declaratory relief. See id. ¶¶ 31-32, 37-39, at 6-7. Ameri-Ck filed an Answer on September 9, 2004, denying that it had violated the law. See Answer at 1-3, filed September 9, 2004 (Doc. 16).

On May 11, 2005, McGuire-Pike served her first set of class discovery on Ameri-Ck. See Certificate of Service at 1, filed May 11, 2005 (Doc. 27). At the same time, McGuire-Pike noticed a rule 30(b)(6) deposition of Ameri-Ck for June 29, 2005. See Certificate of Service at 1, filed May 11, 2005 (Doc. 28). Ameri-Ck did not respond to the discovery until July 11, 2005. See Certificate of Service at 1, filed July 11, 2005 (Doc. 32). Ameri-Ck's response came after McGuire-Pike had filed her first motion to compel on June 24, 2005. Ameri-Ck's response rendered moot McGuire-Pike's first motion. See Plaintiff's Brief in Support of Her Second Motion to Compel ("Second Motion to Compel Brief") at 1, filed July 29, 2005 (Doc. 35). McGuire-Pike has attempted to obtain

voluntary supplemental responses from Ameri-Ck, but Ameri-Ck has not provided any supplemental discovery responses.

In her Second Motion to Compel, McGuire-Pike asks the Court to compel Ameri-Ck to provide full and complete responses to some of the requests in McGuire-Pike's first set of discovery. See id. at 4-12. McGuire-Pike alleges that Ameri-Ck either refuses to respond or provides an evasive response to her interrogatories and requests for production. See id. McGuire-Pike requests that the Court order Ameri-Ck to fully and completely respond to McGuire-Pike's Interrogatories 3, 4, 5, and 6 and Requests for Production 2, 8, 24, and 25 within ten days. See id. McGuire-Pike also requests that the Court order Ameri-Ck to produce, within ten days, the original verification form that Steven M. Campbell, Ameri-Ck's president, signed. See id. at 11-12. Ameri-Ck opposes this motion.

The Court held a hearing on this motion on October 21, 2005. At the hearing, McGuire-Pike withdrew her request to compel answers to Interrogatories 5 and 6 and Request for Production 25. See Transcript of Hearing at 7:25-8:9, 12:12-13 (taken October 21, 2005).[1]

## **LAW REGARDING MOTIONS TO COMPEL**

Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure provides that

[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: . . . If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Under Rule 37(a)(3), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

## ANALYSIS

The Court concludes that Ameri-Ck's answers to Interrogatories 3 and 4 were evasive and incomplete. Those interrogatories asked Ameri-Ck how many "Form Letters" it has sent to New Mexico residents from June 2003 to the present and during the class period. Ameri-Ck failed to give McGuire-Pike a specific number and refused to stipulate to a specific number. The Court will thus order Ameri-Ck to provide a complete answer to these interrogatories, by either producing a document specifying who received the Form Letters or stating under oath that Ameri-Ck cannot specify who received the Form Letters, within ten days of the hearing.

Request for Production 2 asks Ameri-Ck to provide "[a]ll documents regarding the collection accounts for" all persons who received the Form Letter so that McGuire-Pike can establish the class certification requirement of typicality. Ameri-Ck refused to provide these documents. The Court will therefore order Ameri-Ck to produce all responsive documents within ten days of the hearing.

Request for Production 8 asks Ameri-Ck to provide "[a]ll documents that concern Ameri-Ck's policies and procedures for determining the amount to request in the collection of dishonored checks." Ameri-Ck responded that there were no responsive documents. Also, Request for Production 24 asks for "[a]ll documents concerning Ameri-Ck's research into the amounts it can collect on dishonored checks under New Mexico law." Ameri-Ck objected that the attorney-client privilege protected these documents from disclosure.

At the hearing, McGuire-Pike told the Court that she has not received a privilege log from Ameri-Ck on these documents. See Transcript of Hearing at 11:15-18. The Court will deny without

prejudice McGuire-Pike's motion to compel Requests for Production 8 and 24 and order Ameri-Ck to produce a privilege log, within ten days of the hearing, for any documents it asserts are shielded by the attorney-client privilege. McGuire-Pike may file a renewed motion to compel on Requests for Production 8 and 24 twenty days after Ameri-Ck produces its privilege log.

**IT IS ORDERED** that Plaintiff's Second Motion to Compel is granted in part and denied in part without prejudice. The Court orders Ameri-Ck to give a complete answer to Interrogatories 3 and 4 within ten days of the hearing. Also, the Court orders Ameri-Ck to produce all documents that are responsive to Request for Production 2 within ten days of the hearing. The Court denies without prejudice McGuire-Pike's request to compel documents that are responsive to Requests for Production 8 and 24; Ameri-Ck must produce a privilege log, within ten days of the hearing, for any documents it asserts are shielded by the attorney-client privilege. McGuire-Pike may file a renewed motion to compel after twenty days have passed from Ameri-Ck's production of a privilege log. Finally, Ameri-Ck must produce, within ten days of the entry of this Order, the original verification form signed by Steven Campbell, Ameri-Ck's president.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Rob Treinen
Feferman & Warren
Albuquerque, New Mexico

– and –

O. Randolph Bragg
Horwitz, Horwitz & Associates
Chicago, Illinois

    *Attorneys for the Plaintiff and the Class*

Steve Campbell
Ameri-Ck, Inc.
Tulsa, Oklahoma

    *Representation for Pro Se Defendant*