IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELA McGUIRE-PIKE, on behalf of
herself and all others similarly situated,

    Plaintiff,

vs.                                                                        No. CIV 04-705 JB/ACT

AMERI-CK, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion to Add Steven M. Campbell and Universal Recovery Systems, LLC as Defendants, filed January 20, 2006 (Doc. 66); (ii) the Defendants' Motion to Dismiss Steven M. Campbell and Universal Recovery Systems, LLC as Defendants, filed February 3, 2006 (Doc. 68); and (iii) the Plaintiff's Motion and Brief to Strike Ameri-Ck's and/or Universal Recovery Systems, LLC's Response to Motion to Add Steven M. Campbell and Universal Recovery Systems, LLC as Defendants, filed February 8, 2006 (Doc. 70). The Court held a hearing on these motions on April 27, 2006. The primary issues are: (i) whether the Court should grant Plaintiff Angela McGuire-Pike leave to amend her complaint to add Campbell and Universal Recovery Systems as Defendants; and (ii) whether the Court should strike Campbell and Universal Recovery Systems' response to McGuire-Pike's motion for leave to add them to her complaint. Consistent with the Court's ruling at the hearing on these motions, and for the reasons given at the time of the hearing, the Court will deny the motion to strike and the motion to dismiss and will grant the motion to amend.

**PROCEDURAL BACKGROUND**

McGuire-Pike filed a class action suit on behalf of herself and others similarly situated on June 22, 2004. McGuire-Pike alleged that Ameri-Ck's collection practices, as exemplified in her own case, violated the Fair Debt Collection Practices Act ("FDCPA") and the New Mexico Unfair Practices Act ("UPA"). See Complaint ¶ 2, at 1, filed June 22, 2004 (Doc. 1). Specifically, McGuire-Pike contended that Ameri-Ck breached the FDCPA by "misrepresenting the character, amount, and legal status of the debt"; "threatening action that was not intended to be taken or could not legally be taken"; "using false impression or deceptive means to collect or attempt to collect a debt"; and "requesting payment of amounts which are not authorized by contract or New Mexico law." Id. ¶ 30, at 5-6. In addition, McGuire-Pike argued that Ameri-Ck "knowingly and willfully" engaged in "misrepresentations and omissions" that ran afoul of the UPA. Id. ¶¶ 34-35, at 6. McGuire-Pike asserted that Ameri-Ck's actions entitled her and the class to damages and injunctive and declaratory relief. See id. ¶¶ 31-32, 37-39, at 6-7. Ameri-Ck filed an Answer on September 9, 2004, denying that it had violated the law. See Answer at 1-3, filed September 9, 2004 (Doc. 16). Since then, Ameri-Ck has fired its attorneys and has quit defending itself in this case. See generally Memorandum Opinion and Order, filed September 22, 2005 (Doc. 51).

McGuire-Pike moves the Court to allow her to add Steven M. Campbell and Universal Recovery Systems as Defendants in this suit. See Motion to Amend at 1. Specifically, McGuire-Pike requests that the Court order that she be allowed leave to file an amended complaint to add Campbell and Universal Recovery Systems as Defendants in this suit within ten days of the order. See id. In response to McGuire-Pike's motion to amend, Campbell and Universal Recovery Systems filed a motion to dismiss McGuire-Pike's motion to amend. See Motion to Dismiss at 1. Subsequently,

McGuire-Pike filed a motion to strike the motion to dismiss, on the grounds that Campbell is not an attorney and does not have standing because he is not a party to this case. See Motion to Strike at 1-2.

## LAW ON AMENDED AND SUPPLEMENTAL PLEADINGS

Rule 15(a) provides:

> AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed R. Civ. P. 15(a). A district court is justified in refusing leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993)). Rule 15(a)'s standards apply when the motion to amend seeks to add parties. See Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1584-85 (10th Cir. 1993).

## LAW ON MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Rule 7(a) defines the following to be pleadings: a complaint and an answer; a reply to a counterclaim

denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. Under rule 7(a), motions and other papers are not pleadings. "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." Searcy v. Soc. Security Admin., No. 91-4181, 1992 U.S. App. LEXIS 3805, at *5 (10th Cir. March 2, 1992)(unpublished). See 2 J. Moore, Moore's Federal Practice § 12.37[2], at 12-100.1 (3d ed. 2005)("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

## ANALYSIS

The Court will grant the motion to amend, and will deny the motion to strike and the motion to dismiss. The Court turns first to the motion to strike. McGuire-Pike asks the Court to strike the motion to dismiss, because Campbell is not an attorney and does not have standing as a non-party. See Motion to Strike at 1-2. Rule 12(f) provides for striking only pleadings, and a motion to dismiss or a response to a motion to amend is not listed as a pleading under rule 7(a). The Court will therefore deny McGuire-Pike's motion to strike. The Court may, however, decline to consider the motion because of the deficits that McGuire-Pike points out.

Regarding the motion to amend, McGuire-Pike wants to amend the complaint to add Campbell and Universal Recovery Systems as Defendants. McGuire-Pike alleges that Campbell, Ameri-Ck's president, has started a new debt collection agency – Universal Recovery Systems – that is likely continuing Ameri-Ck's debt collection practices. See Memorandum in Support of Motion to Amend at 2-4, filed January 20, 2006 (Doc. 67). McGuire-Pike states that she did not know of

Campbell's role in Ameri-Ck until after filing suit, and that Universal Recovery Systems was not founded until a year after McGuire-Pike filed suit. See id. at 4.

The Court will grant the motion to amend, because it does not detect the presence of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. See Frank v. U.S. West, Inc., 3 F.3d at 1365-66. According to McGuire-Pike, she did not learn about Campbell and Universal Recovery Systems until recently, as the parties went through discovery. The Court sees no reason to doubt that McGuire-Pike makes these representations in good faith. To the extent that the Court should consider Campbell's arguments at this stage, Campbell's attempts to rebut McGuire-Pike's motion by attacking the substance of McGuire-Pike's allegations are a line of argument better suited for a motion to dismiss or for summary judgment.

Finally, the Court will deny Campbell's motion to dismiss. While Campbell's motion requests that the Court dismiss McGuire-Pike's motion to amend, the thrust of Campbell's motion is that the Court should dismiss Campbell and Universal Recovery Systems from the case as parties.[1] To support his argument, Campbell takes issue with the merits of McGuire-Pike's case, which is more appropriate on a motion for summary judgment. For now, the Court's task is to determine whether McGuire-Pike's stated cause of action would be futile. Because the Court cannot conclude, on the record before it, that McGuire-Pike's stated cause of action would be futile, the Court will deny the motion.

**IT IS ORDERED** that the Plaintiff's Motion to Add Steven M. Campbell and Universal

---

[1] To the extent that Campbell's motion seeks to dismiss McGuire-Pike's motion to amend, or to the extent that it is a response to McGuire-Pike's motion to amend, the Court denies Campbell's request for the reasons the Court gives in granting McGuire-Pike's motion to amend.

Recovery Systems, LLC as Defendants (Doc. 66) is granted. The Defendants' Motion to Dismiss Steven M. Campbell and Universal Recovery Systems, LLC as Defendants (Doc. 68) and Plaintiff's Motion and Brief to Strike Ameri-Ck's and/or Universal Recovery Systems, LLC's Response to Motion to Add Steven M. Campbell and Universal Recovery Systems, LLC as Defendants (Doc. 70) are denied.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

*Counsel and interested parties*:

O. Randolph Bragg
Horwitz, Horwitz & Associates
Chicago, Illinois

– and –

Rob Treinen
Feferman & Warren
Albuquerque, New Mexico

      *Attorneys for the Plaintiff and the Class*

Steve Campbell
Tulsa, Oklahoma

      *Pro se*